IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **JOHNNY SCOTT WARREN,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:21CV00009 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **WARDEN STREEVAL,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Respondent. | ) | |

*Johnny Scott Warren, Pro Se Petitioner.*

The petitioner, Johnny Scott Warren, a federal inmate proceeding pro se, filed this action as a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Warren asserts that his retention in federal custody violates his constitutional rights because his attorneys failed to argue for suppression of certain evidence, in violation of the Colorado Constitution. Upon review of the record, the court concludes that Warren's claim for relief under § 2241 must be summarily dismissed for lack of jurisdiction.

Warren asserts that he was arrested in Colorado in July 2007 for a parole violation and was later indicted in the United States District Court for the District of Colorado for drug trafficking charges and weapons offenses, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 922(g)(1). According to Warren, trial counsel filed a motion seeking suppression of evidence that the government offered to support the

§ 841 offense. Counsel argued that police officers, rather than Warren's parole officer, conducted the warrantless search at issue. After a hearing in November 2007, that motion was denied. A jury found Warren guilty in December 2007, and the court sentenced him in May 2008 to 240 months in prison for the drug offense. On appeal, Warren raised the suppression issue without success. He also filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 in May 2010, claiming that the Indictment was invalid. This argument failed to win him relief at the district court or on appeal. Now, in a § 2241 petition, Warren argues that his conviction under § 841 should be vacated, and he should be released from incarceration, because the related search and seizure allegedly violated Colorado law, and therefore, also violated his federal constitutional rights.

Normally, a federal prisoner seeking to overturn his conviction, as Warren is currently doing, must do so on direct appeal, or later, in a motion under 28 U.S.C. § 2255 to collaterally attack his conviction. *Davis v. United States*, 417 U.S. 333, 343 (1974). A district court cannot entertain a § 2241 petition challenging a federal conviction unless the petitioner proves that the remedy available by motion under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e) ("the savings clause"); *United States v. Wheeler*, 886 F.3d 415, 423 (4th Cir. 2018). The United States Court of Appeals for the Fourth Circuit has concluded

> that § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit

or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000).

Warren cannot satisfy this standard, because he fails to identify any intervening change in substantive law that decriminalized the acts for which he was convicted. Specifically, Warren presents no change in the legal landscape under which the drug trafficking and related firearm offense for which Warren was convicted are no longer violations of federal criminal law. Because Warren thus fails to satisfy one of the jurisdictional requirements under *Jones* to proceed with these claims in a § 2241 petition under the savings clause, I must summarily dismiss his petition for lack of jurisdiction.

A separate Final Order will be entered herewith.

DATED: April 26, 2021

/s/  JAMES P. JONES
United States District Judge